UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD DAVIS,

    Plaintiff,

        v.                  CAUSE NO. 3:20-CV-681-RLM-MGG

LIEVERS, et al.,

    Defendants.

OPINION AND ORDER

    Donald Davis, a prisoner without a lawyer, filed a second amended complaint. The original complaint alleged he hadn't received constitutionally adequate medical treatment when he contracted COVID-19 at the Westville Correctional Facility in 2020. That complaint didn't state a claim upon which relief could be granted. Mr. Davis filed an amended complaint. Because it merely restated the same facts with different words, it too didn't state a claim. But because it hinted he wasn't currently receiving constitutionally adequate medical treatment, the court granted him leave to file a second amended complaint.

    Mr. Davis's second amended complaint names two defendants and says he has lingering effects from Covid. As with his earlier complaints, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Davis alleges he was seen by Nurse Practitioner Diane Thews because his breathing was difficult and painful, his legs were painful and swollen, and he was unable to walk long distances. Lab tests were ordered on August 17, 2021, and re-ordered September 15, 2021. He was seen by Nurse Practitioner Thews on September 29, 2021, and the test results were not yet back. She told him to use his fluticasone propionate inhaler even though she knew it had caused him to have leg cramps in the past. Mr. Davis, who also knew of the risk of leg cramps, elected to use it anyway. Hours after using the inhaler that day, he was seen by Nurse Sucanne who spoke to him about his leg cramps.

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008).

Nurse Practitioner Thews is alleged to have seen Mr. Davis two, perhaps three times. During those sessions she ordered lab tests and told him to use his fluticasone propionate inhaler which was prescribed to "to prevent difficulty breathing by decreasing swelling and irritation in the airways to allow for easier breathing." Fluticasone Oral Inhalation, U.S. National Library of Medicine,

2

https://medlineplus.gov/druginfo/meds/a601056.html. Neither demonstrates she was acting outside the scope of professional judgment. "[S]welling of the . . . feet, ankles, or lower legs" is a known serious side effect of this medication. *Id*. However, difficulty breathing can be a life-threatening condition. "Without oxygen, brain cells die, and a brain injury can occur. It can happen even when enough blood reaches the brain [and] no one can bring back dead brain cells or reverse a brain injury. The condition can result in lifelong brain damage. If it continues too long, it can be fatal." Cerebral Hypoxia, Cleveland Clinic, https://my.clevelandclinic.org/health/diseases/6025-cerebral-hypoxia. It's unclear why she had to reorder his lab work or why his test rests weren't back within two weeks, but there is no indication Nurse Practitioner Thews acted outside the scope of professional judgment to cause either. "Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. To state a claim under the Eighth Amendment, [the plaintiff] must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for [his] welfare in the face of serious risks." McNeil v. Lane, 16 F.3d 123, 124 (7th Cir. 1994). That's no what happened to Mr. Davis.

Neither does the complaint state a claim against Nurse Sucanne. She is alleged to have seen him only one time. He complains she didn't examine him, but spoke to him and understood he was having painful leg cramps as a side effect of using his inhaler. He doesn't allege she doubted him nor explain how a physical examination was required or even how it could have been beneficial. He complains she didn't

prescribe him pain medication beyond the Tylenol he already had, but "[t]o say the Eighth Amendment requires prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment would be absurd." Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996).

> Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations. A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.

*Id.* (quotation marks and citation omitted). This is why courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." Walker v. Wexford Health Sources, Inc., 940 F.3d 954, 965 (7th Cir. 2019) (quotation marks and citation omitted). "[A] disagreement with medical professionals . . . does not state a cognizable Eighth Amendment claim . . . ." Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003).

Mr. Davis alleges these health care providers treated him with a hostile attitude. That would be unfortunate, but the Eighth Amendment doesn't entitle prisoners to "the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). While Mr. Davis clearly thinks he isn't receiving proper treatment, "medical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). Because

the second amended complaint doesn't plausibly allege either of these defendants did not met that constitutionally required minimum, it doesn't state a claim upon which relief can be granted.

"The usual standard in civil cases is to allow defective pleadings to be corrected," <u>Abu-Shawish v. United States</u>, 898 F.3d 726, 738 (7th Cir. 2018), but Mr. Davis has already been given two chances to amend and no further attempts are necessary.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the second amended complaint does not state a claim for which relief can be granted.

SO ORDERED on November 4, 2021

                                                  s/ Robert L. Miller, Jr.
                                                  JUDGE
                                                  UNITED STATES DISTRICT COURT